UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER D. SCOTT,<br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPUTY AMES, et al.,<br>　　　　Defendants. | Case No. 24-cv-07273 NC (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, who is currently at the Maple Street Correctional Center in Redwood City, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against two sheriff deputies for Contra Costa County. Dkt. No. 1 at 2. Plaintiff filed consent to magistrate jurisdiction. Dkt. No. 4. On February 11, 2025, the Court granted Plaintiff leave to amend to clarify his custody status for this matter to proceed. Dkt. No. 6. Plaintiff filed a first amended complaint. Dkt. No. 7.

**DISCUSSION**

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff alleges that on December 13, 2023, while facing criminal charges for first degree robbery at the West County Detention Facility in Contra Costa County, Deputies Ames and Ruiz "assaulted [him] by jumping on [him] [and] grabbing" him, causing damage to his left shoulder, both knees, and his mental state. Dkt. No. 7 at 2-3. He alleges that Defendants continued to "apply more pressure" and caused him more pain. *Id.* at 3. Plaintiff claims that on August 25, 2024, Defendant Ames recalled "beating up" Plaintiff with Deputy Ruiz. *Id.* Plaintiff claims he still suffers from a dislocated shoulder due to these deputies' use of excessive force. *Id.* Plaintiff seeks damages. *Id.*

Plaintiff indicates that he was not convicted at the time. Dkt. No. 7 at 3. The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)). Accordingly, Plaintiff's allegations are sufficient to state an excessive force claim under the Fourteenth Amendment.

The Clerk shall terminate the Contra Costa Sheriff Department as a party to this action as Plaintiff does not name this defendant in the amended complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (defendants not named in an amended

complaint are no longer defendants).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk shall terminate Contra Costa Sheriff Department from the docket as it is no longer a party to this action.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint (Docket No. 7) and all attachments thereto, and a copy of this order to the **Deputies Ames and Ruiz** at the **West County Detention Facility of Contra Costa County (5555 Giant Highway, Richmond, CA 94806)**. The Clerk shall also include a magistrate judge jurisdiction notice and consent form, which Defendants must return in the time provided by the notice.

The Clerk of the Court shall also mail a courtesy copy of the amended complaint and a copy of this order to the County Counsel for Contra Costa County (1025 Escobar St., 3rd Fl., Martinez, CA 94553). Additionally, the Clerk shall mail a copy of this order to Plaintiff.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, Defendants will be required to serve and file an answer within **sixty (60) days** from the date on which the request for waiver was sent to them. Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date

3

provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

4. No later than **twenty-eight (28) days** from the date the form is sent from the Court, Defendants shall file their Consent or Declination to Magistrate Judge Jurisdiction.

5. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).** *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).

6. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See*

4

*Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

7. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

8. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

9. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

10. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

11. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated: April 10, 2025**

NATHANAEL M. COUSINS
United States Magistrate Judge

Order of Service
PRO-SE\NC\CR.2024\07273Scott_svc